# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **JOHNSON-OLEKSIAK,** § | | |
| *Plaintiff,* § | | |
| § | | **6:22-CV-00235-ADA-DTG** |
| v. § | | |
| § | | |
| **PLAINS ER MANAGEMENT HARCO,** § | | |
| **LTD. ET AL.,** § | | |
| *Defendants.* § | | |

## ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR RECONSIDERATION [ECF NO. 23]

Before the Court is ECF No. 23, Defendants' Motion to Reconsider and Vacate, Alter, or Amend Order Mooting Defendants' Rule 12(b)(6) Motion to Dismiss, filed June 26, 2023. Plaintiff did not file a response. For the reasons discussed below, the Court finds that the motion should be **DENIED WITHOUT PREJUDICE** to Defendants refiling a motion to dismiss as set forth herein.

### I.   FACTUAL BACKGROUND

Plaintiff filed her original complaint in this suit pro se on March 3, 2022. ECF No. 1. Plaintiff alleges employment discrimination that occurred in 2021 by her being wrongfully terminated for reporting the Defendant Plains ER Management companies were allowing COVID positive staff to work. *Id.* at 5. Plaintiff's original complaint used the Civil Forms available through uscourts.gov denominated Pro Se 7, Complaint for Employment Discrimination; Pro Se 8, Complaint for Violation for Fair Labor Standards; Pro Se 15, Complaint for Violation of Civil Rights. Plaintiff's original complaint also included the U.S. Equal Employment Opportunity Commission Form 5, Charge of Discrimination. The Plaintiff and Defendants have pursued their cases with two separate approaches that are relevant to this

motion.

The first approach is that Plaintiff pursued amendments and supplements to her complaint. Plaintiff twice filed amendments and supplements to her complaint. On March 16, 2022, Plaintiff filed a supplement that included amended pages from the Pro Se 8, EEOC Form 5, and Civil Cover Sheet; and it included thirteen pages with exhibits from her workplace. ECF No. 7. On April 11, 2022, Plaintiff filed a supplement that was the EEOC Determination and Notice of Rights for her case in which the EEOC determined it would not proceed further with its investigation and Plaintiff had a right to sue. ECF No. 8. On May 31, 2022, Plaintiff filed motions for leave to supplement and amend the complaint. ECF Nos. 16–17. Defendants filed their opposition to these motions to supplement on June 7, 2022. ECF No. 19.

The second approach is that Defendants pursued a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). On May 17, 2022, Defendants filed their Motion to Dismiss for Failure to State a Claim under 12(b)(6). ECF No. 12. Plaintiff filed her opposition papers on May 31, 2022. ECF Nos. 14–15. Defendants replied in support of their motion to dismiss on June 7, 2022. ECF No. 18.

Plaintiff's and Defendants' approaches eventually overlapped. The Court granted Plaintiff's motions to supplement on May 22, 2023, in text orders granting ECF No. 16 and 17, which stated "Plaintiff may file an amended or supplemental complaint within 21 days." Text Orders on May 22, 2023. In light of the granted motions to amend, the Court MOOTED Defendants' Motion to Dismiss. Text Order on June 5, 2023.

On June 26, 2023, Defendants filed the instant Motion for Reconsideration of the Text Order on June 5, 2023, pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 23 at 1. In so doing, Defendants continue to pursue their Motion to Dismiss approach to this case. Defendants

argue that because Plaintiff failed to file an amended or supplemental complaint after the Text Orders granting leave, the Court should reconsider and vacate, alter, or amend its Order mooting Defendants' Motion to Dismiss. *Id.*

## II.     LEGAL STANDARD

Defendants seek relief under Federal Rule of Civil Procedure 59(e), which does not apply, as it provides that a party may file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). An order denying a motion to dismiss is not a "judgment" within the meaning of the Federal Rules. *Carter v. Coody*, 297 F. App'x 317, 319 (5th Cir. 2008) ("An order denying a motion to dismiss or for summary judgment is not a final order or judgment."). In *Alford v. Chevron*, the district court explained that where a motion sought reconsideration under Rule 59(e) of an order denying-in-part a motion to dismiss, the district court would instead consider the motion under Federal Rule of Civil Procedure 60. *Alford v. Chevron U.S.A. Inc.*, 13 F. Supp. 3d 581, 611 (E.D. La. 2014). Under Rule 60, the court may relieve a party from an "order" for any reason delineated in Rule 60: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). "A motion for reconsideration is generally not an appropriate vehicle for advancing new arguments or supporting facts that were available at the time of the original motion." *Alford v. Chevron*, 13 F. Supp. 3d at 612.

### III.   ANALYSIS

The Court finds that Defendants' motion fails to satisfy the requirements of Rule 60 for the Court to reconsider its text orders mooting Defendants' motion to dismiss. Defendants' Motion for Reconsideration is premised on the Plaintiff allegedly failing to file an amended or supplemental complaint after the Court granting Plaintiff leave. ECF No. 23 at 1. Courts in this Circuit apply a "liberal construction" to pro se pleadings. *Lozano v. Schubert*, 41 F.4th 485, 490–91 (5th Cir. 2022) (quoting *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1081 (5th Cir. 1991)); *see also Jackson v. Gautreaux*, 3 F.4th 182, 189 (5th Cir. 2021) (explaining that "construing a request for X as an implied request for Y—is normally reserved for pro se litigants"). Under that standard, Plaintiff's supplements and amendments to her complaint are properly before the Court and leave to supplement and amend was granted. ECF Nos. 7–8 (Plaintiff's supplements and amendments to complaint); ECF Nos. 16–17 (Plaintiff's motions for leave to supplement and amend complaint); Text Orders of May 22, 2023 (granting ECF Nos. 16–17).

Given the pleadings are before the Court, Defendants' original motion to dismiss is not a proper vehicle for considering whether Plaintiff's pleadings state a claim under Federal Rule of Civil Procedure 12(b)(6). In their original motion, Defendants disputed that Plaintiff's supplemental filings were appropriate, and summarily dealt with the supplements and amendments in only two footnotes. ECF No 12 at 1–2 & nn. 1–2. But the supplemental filings *are* properly before the Court as discussed above. *Lozano v. Schubert*, 41 F.4th at 490–91; Text Orders of May 22, 2023 (granting Plaintiff leave with ECF Nos. 16–17). Even if Plaintiff's supplemental filings were discounted, Defendants' motion for reconsideration—premised on Plaintiff failing to amend its pleadings—does not identify "newly discovered evidence" as a

basis for reconsideration. Fed. R. Civ. P 60(b)(2). Defendants failed to explain why they cannot simply refile their Motion to Dismiss in light of Plaintiff's amended pleadings.

The Court will DENY Defendants' request for reconsideration, but WITHOUT PREJUDICE to refiling a 12(b)(6) Motion to Dismiss by April 3, 2024. Upon refiling, Plaintiff shall file a response within fourteen (14) days of any refiled motion to dismiss. As stated in Local Rule CV-7, after fourteen (14) days, the Court may grant the motion as unopposed.

## IV.    CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Reconsideration (ECF No. 23) is **DENIED WITHOUT PREJUDICE** to refiling a motion under Federal Rule of Civil Procedure 12(b)(6) on or before April 3, 2024.

**IT IS SO ORDERED.**
**SIGNED** this 19th day of March, 2024.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE